**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

WILLIAM HAFER,                          )
                    Plaintiff           )
                                        )
        vs.                             )        Civil Action No. 09-51
                                        )        Chief Magistrate Judge Amy Reynolds Hay
UNITED STATES OF AMERICA,               )
                    Defendant           )

**MEMORANDUM OPINION**

HAY, Chief Magistrate Judge

William Hafer ("Hafer" or "the Plaintiff ") seeks "issuance of first a preliminary and then a permanent injunction and/or judgment forever enjoining [the United States] from blocking, restricting and/or issuing citations for the use of an easement which Hafer claims to hold across a portion of government land."  (Doc. 1 at ¶ 22).  In response to the Complaint, the United States ("the government" or "the Defendant") filed the pending Motion to Dismiss pursuant to Fed .R. Civ. P. 12(b)(1) and 12(b)(6).  (Doc. 9).  Because the Court lacks jurisdiction to consider Hafer's claim, it will grant the government's Motion to Dismiss pursuant to Rule 12(b)(1).

**Facts**

The essential facts are straightforward and undisputed.   In 1952, the government acquired a parcel of land in Derry Township, Westmoreland County, Pennsylvania, via a Judgment on the Declaration of Taking, which was promptly recorded.  (Doc. 1 at ¶ 3; Ex. B). In 2003, the Plaintiff and his wife acquired two parcels of land, a northern tract and a larger southern tract upon which the Plaintiff maintains his residence.  (Id. at ¶ 5; Ex. D).  The southern tract, which abuts the government land, can be accessed only via a road that runs for

approximately 175 feet across the government property.  (Id. at ¶¶ 7-10).  On December 21, 2007, Hafer was served with a United States District Court Violation Notice charging him with destruction and alteration of public property in violation of 36 C.F.R. 327.14(a.).[1]  In the probable cause section of the citation, the issuing officer wrote:

> On 13 November 2007, I conducted a site inspection of government property adjacent to Laughlin Farm Road and noticed a driveway/construction on government tract 844J.  The driveway was built by William Hafer, adjacent resident.  He admitted he built the driveway . . . Mr. Hafer thought he owned the property, but did not know where his property map was.  I located the boundary post and got a copy of property map from the county court house [sic] to confirm the government ownership.

(Doc. 1 Ex. H).

In response to the citation, Hafer filed this action, contending that he "and/or his predecessors in title have established the prerequisites for the use of said easement as a prescriptive easement."  (Doc. 1 at 20).[2]  According to Hafer, although "the origin of the

---

[1]This section reads:

> (a) Destruction, injury, defacement, removal or any alteration of public property including, but not limited to, developed facilities, natural formations, mineral deposits, historical and archaeological features, paleontological resources, boundary monumentation or markers and vegetative growth, is prohibited except when in accordance with written permission of the District Commander [of the Army Corps of Engineers].

[2]The Plaintiff does not set out facts to support this conclusory statement.  In Pennsylvania, one claiming a prescriptive easement must establish open, notorious, continuous, uninterrupted adverse, and hostile use of that easement for a period of twenty-one years.  See Keefer v. Jones, 359 A.2d 735, 737 (Pa. 1976).  Hafer alleges only that the "Easement [was] readily discernible and in continuous use since at least the 1930s [and] the Defendant has never objected to the use of the Easement until November 2007."  These allegations are entirely consistent with permissive use.  Furthermore, the *only* nonconclusory reference to use of the easement prior to 1952 is an aerial photograph taken in 1939, which shows that a road existed. This picture, taken only thirteen years before the government acquired

easement is unknown," it "has been in existence from at least the 1930's and used continuously

thereafter to access the property now-owned [sic] by Plaintiff." (Id. at ¶¶ 15, 19).  Hafer states:

> Notwithstanding the fact that the Defendant is a governmental
> entity and enjoys sovereign immunity, Plaintiff contends that an
> easement by prescription has existed prior to the current land
> owner's taking title and, as such he enjoys/has acquired an
> unqualified grant to the Easement and this right cannot be
> unreasonably restricted nor can Plaintiff's title to the Easement be
> disputed.

(Id. at ¶ 22).

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss a complaint for

"lack of subject-matter jurisdiction."  A motion made under the Rule challenges the court's

power to entertain a claim.  See Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006).  In

the face of a 12(b)(1) motion, the plaintiff bears "the burden of persuasion to convince the court

it has jurisdiction."  Gould Elec., Inc. v. United States, 220 F.3d 169,178 (3d Cir .2000); see also

Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir.1991) (same).

The Motion made here is a "facial" attack on the sufficiency of the pleadings.  See

Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009).  In this situation, the

Court must assume the truth of the allegations set out in the Complaint, but must also examine

the pleadings to ensure that they present an action within its jurisdiction.  United States ex rel.

Atkinson v. Pa. Shipbldg. Co., 473 F.3d 506, 514 (3d Cir. 2007).

---

title to the land, says nothing about who used the road or the circumstances of that use.  Thus, the
Plaintiff has failed to allege facts sufficient to state a plausible claim that adverse possession of the
alleged easement was established by his predecessors in title - or at all - as of or after the time that the
government acquired title to the property.

**Discussion**

The government contends that the Plaintiff has not pled a jurisdictional basis for his complaint and that, in fact, there is none.  The government did, however, anticipate Hafer's assertion in his brief opposing the government's Motion that jurisdiction lies pursuant to the Quiet Title Act ( "the Act"), 28 U.S.C. § 2409a.  Case law interpreting the Act establishes two jurisdictional requisites: (1) the United States must claim an interest in property; and (2) there must be a dispute between the government and the plaintiff with respect to title.  See e.g., Lesnoi, Inc. v. United States, 267 F.3d 1019, 1023 (9th Cir. 2001). When the United States acquires property through a Declaration of Taking, it extinguishes all previous rights, taking title to the property that is "good against the world."  Saylor v. United States, 315 F.3d 664, 670 (6th Cir. 2003) (quoting Duckett  & Co. v. United States, 266 U.S. 149, 151 (1924); Norman Lumber Co. v. United States, 223 F.2d 868, 870 (4th Cir. 1955)).

Hafer does not dispute the government's summary of the law, but argues that the Act's jurisdictional requirements have been satisfied.  He "contends that a condemnation proceeding would not obliterate and/or extinguish the subject prescriptive easement" because "the rights and title of a prescriptive easement may only be . . . terminated by abandonment of the adverse user." (Doc. 15 at 3).  "[A] condemnation action under the Declaration of Taking Act may give the United States title to the property, but *under and subject* to the rights of the adverse users of the prescriptive easement."  (Id.) (emphasis in original).  Thus, says Hafer, jurisdiction under the Act is proper because "this Court is asked to decide whether the Defendant's title is under and subject to [his] prescriptive rights, and as such, is being asked to settle a dispute as to title concerning the

Defendant." (Id).[3]

The Court need not devote extended discussion to the arguments raised by either party because the language of the Act itself is dispositive.  Hafer's entire claim is, in essence, one of adverse possession. This doctrine may not be invoked to challenge the government's property rights.  Section 2409a (n) of the Act provides: "Nothing in this section shall be construed to permit suits against the United States based upon adverse possession."  See also United States v. California, 332 U.S. 19, 40 (1947) (observing that government, "which holds its interests here as elsewhere in trust for all the people, is not to be deprived of those interests by the ordinary court rules designed particularly for private disputes over individually owned pieces of property"); Kingman Reef Atoll Inv., LLC, v. United States, 541 F.3d 1189, 1199 (9th Cir. 2008) (holding that United States cannot lose property rights through adverse possession) (citing Pappas v. United States, 814 F.2d 1342, 1343 n.3 (9th Cir. 1987)); Sweeten v. U.S. Dep't of Agric., 684 F.2d 679, 682 (10th Cir.1982) (same).[4]

"[T]he terms of [the government's] waiver of sovereign immunity define the extent of the court's jurisdiction."  United States v. Mottaz, 476 U.S. 834, 841 (1986) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)).  Because the Act is the exclusive means for challenging

---

[3] Hafer also contends that the government has consented to suit under the Act.  In support of this contention, he references a letter dated January 27, 2009, in which the government agreed  "to settle the issues involved with Mr. Hafer's motion for preliminary injunction." (Doc 15. Ex. A).  The government also agreed that during the pendency of this litigation it would not continue to cite Hafer for use of the property in dispute as long as that use was limited to accessing and egressing his own property, and did not involve alteration, damage or destruction to the property or surrounding vegetation. Id.  Hafer's assertion that this letter establishes a waiver of sovereign immunity lacks merit.  Nowhere in the letter does the government agree to forego a jurisdictional challenge or a motion to dismiss. Neither does it consent to having the Plaintiff's claims considered on the merits.

[4] The Plaintiff does not address this section of the Act or the case law interpreting it.

the United States' title to real property, <u>Block v. North Dakota</u>, 461 U.S. 273, 286 (1983), and Hafer has failed to articulate a claim not excluded by the terms of the Act, this Court lacks jurisdiction.  <u>See</u> <u>also</u> <u>Sw. Four Wheel Drive Ass'n. v. Bureau of Land Mgmt.</u>, 363 F.3d 1069,1071 (10th Cir. 2004) (same).  Given that the Court is barred from considering the merits of Hafer's claim, the best hope for resolving his dilemma would appear to be negotiation with the government.

**<u>Conclusion</u>**

For the reasons articulated above, the government's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) will be granted.  An appropriate Order follows.


By the Court,

/s/ *Amy Reynolds Hay*_____, J.
Chief Unites States Magistrate Judge



Dated:  1 December, 2009








cc:     All counsel of record by Notice of Electronic Filing